1  ROBERT W. FREEMAN
   Nevada Bar No. 3062
2  Robert.Freeman@lewisbrisbois.com
   FRANK A. TODDRE II
3  Nevada Bar No. 11474
   Frank.Toddre@lewisbrisbois.com
4  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
5  Las Vegas, Nevada 89118
   Telephone: 702.893.3383
6  Facsimile: 702.893.3789
   *Attorneys for State Farm Mutual Automobile*
7  *Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| CAMERON WIEGAND, | Case No.: 2:23-cv-01000-CDS-DJA |
| Plaintiff, | **SUPPLEMENTAL STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; MESSNER REEVES LLP; STEVEN KNAUSS; JOSE RIVERA; ELLEN STOEBLING; DOES 1 through 10; inclusive and ROE CORPORATIONS I through 10, inclusive, | **[FOURTH REQUEST]** |
| Defendants. | |

Pursuant to LR 6-1 and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case, as set forth below. In support of this Supplemental Stipulation and Request, the parties state as follows:

## DISCOVERY COMPLETED

1. On May 31, 2023, Plaintiff served his NRCP 16.1 Initial Disclosures. Plaintiff has supplemented his FRCP 26.1 disclosures five (5) times, the last on or about, August 28, 2024.

2. On July 13 2023, Defendant served its NRCP 16.1 Initial Disclosures. Defendant has supplemented his FRCP 26.1 disclosures six (6) times, the last on or about, February 14, 2024.

3. On September 15, 2023, Plaintiff served written discovery on Defendant. Defendant responded approximately, April 19, 2024 and October 21, 2024.

148746494.1

4. On September 18, 2023, Plaintiff served his second set of written discovery on Defendant. Defendant responded approximately, May 10, 2024.

5. On September 25, 2023, Defendants served written discovery on Plaintiff. Plaintiff responded approximately November 8, 2023, January 5, 2024, and June 14, 2024.

6. On May 24, 2024, Plaintiff served their third set of written discovery on Defendant. Defendant has not yet responded.

7. Plaintiff deposed witness, Miguel Flores on August 6, 2024

8. On September 26, 2024, Plaintiff served their fourth set of written discovery on Defendant. Defendant has not yet responded.

9. Defendants deposed fact witness, Jasmine Colombo-Davis on October 25, 2023.

10. Plaintiff disclosed his initial experts on October 11, 2024.

## DISCOVERY REMAINING

1. The parties will continue participating in written discovery.

2. The parties will depose any additional fact witnesses.

3. Plaintiff will depose State Farm's representatives, Peter Gentile and Lou Kesthely.

4. Plaintiff will depose Defendant's FRCP 30(b)(6) witness(es).

5. Defendants will depose Plaintiff.

6. Defendants will respond to Plaintiff's written discovery.

7. The parties may depose any and all other witnesses garnered through discovery, potentially including treatment providers and claims adjusters.

8. The parties may conduct depositions of the designated expert witnesses.

9. Any and all remaining discovery required as permitted by the Federal Rules of Civil Procedure.

## WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. A standard of "good cause" governs. D. Nev. Local Rule 26-3. Good cause "primarily considers the diligence" of the parties seeking the extension.[1] "Motions for extension

---

[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that "[t]he (footnote continued)

148746494.1                           2

must include a statement specifying the discovery completed, a description of discovery remaining, the reasons why the deadline was not satisfied, and a proposed schedule for completing remaining discovery."[2]  In addition, requests made after the expiration of the subject deadline must also demonstrate that the failure to act was the result of excusable neglect.  Dev. Nev. Local Rule 26-3.  "[D]istrict Courts…retain broad discretion to control their dockets…."[3]

The parties have been diligent in moving the case forward: participating in a reasonable amount of discovery, including exchanging their initial lists of witnesses and documents; propounding written discovery requests and preparing responses thereto; records procurement; and preparing for Plaintiff's and State Farm's representatives depositions.

The parties submit that good cause and excusable neglect exist for an additional extension of the discovery deadlines.  Counsel for State Farm had failed to deliver the Stipulation to opposing counsel prior to the expert discovery cutoff whilst the parties were setting out the parameters of the settlement conference. This was a good faith mistake/calendaring error by counsel.

The parties submit there will be no prejudice, as the Plaintiff has had the opportunity to present her expert and will be able to use that analysis at mediation.  The parties have informally agreed to stay depositions of the remaining fact witnesses—Plaintiff and two State Farm fact witnesses—until after mediation. This request for an extension of time is not sought for any improper purpose or other purpose of delay.  Rather, the parties seek this extension solely for the purpose of allowing the parties to attend mediation.

Counsel for Plaintiff and Defendant have agreed to enter mediation.  The parties are going to Advanced Resolution Management for non-binding mediation scheduled on January 7, 2025 with Paul M. Haire, Esq.  Therefore, counsel are requesting this extension in an attempt to resolve this matter without additional Court involvement, and seek for an extension of the dates beyond the current mediation date of January 7, 2025.

---

district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the parties seeking the extension.") (internal quotations omitted).

[2] *Hampton v. Nevada*, No. 2:20-cv-00578-APG-DJA, 2021 WL 3573640, at *2 (D. Nev. July 29, 2021).

[3] *Shahrokhi v. Harter*, No. 2:21-cv-01126-RFB-NJK, 2021 U.S. Dist. LEXIS 247936, at *4 (D.Nev. Dec. 30, 2021).

<u>Extension or Modification of The Discovery Plan and Scheduling Order</u>.  LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order.  Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3.  This stipulation is made more than 21 days before the expiration of any deadlines.

This is the supplemental fourth (4th) request for extension of time in this matter.[4]  The parties respectfully submit that the reasons set forth above constitute compelling reasons for the requested extension.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-off | *Tuesday, December 10, 2024* | *Wednesday, April 9, 2025* |
| Deadline to Amend Pleadings or Add Parties | *Closed.* | *Closed.* |
| Expert Disclosure pursuant to FRCP 26 (a)(2) | *Friday, October 11, 2024* | *Closed.* |
| Rebuttal Expert Disclosure pursuant to FRCP. 26(a)(2) | *Tuesday, November 12, 2024* | *Closed.* |
| Dispositive Motions | *Friday, January 10, 2025* | *Monday, May 12, 2025* |
| Joint Pretrial Order | *Monday, February 10, 2025* | *Tuesday, June 10, 2025*<br><br>*If dispositive motions are pending, then the parties will serve their Joint Pretrial Order within thirty days of the Court's order as to the parties' dispositive motions.* |

/ / /

---

[4] On October 21, 2024, this honorable court submitted a Minutes Order in Chambers denying without prejudice the parties proposed October 18, 2024 Stipulation and Order to Extend Discovery Deadlines (Fourth Request).

148746494.1                                4

1  WHEREFORE, the parties respectfully request this Court extend the discovery period one hundred and twenty (120) days in accordance with the table above.

Dated this 12th day of November, 2024                Dated this 12th day of November, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP                H&P LAW

/s/ Frank A. Toddre, II                             /s/ Cara Xidis
ROBERT W. FREEMAN                                   MARJORIE L. HAUF
Nevada Bar No. 3062                                 Nevada Bar No. 8111
FRANK A. TODDRE II                                  MATTHEW G. PFAU
Nevada Bar No. 11474                                Nevada Bar No. 11439
6385 S. Rainbow Boulevard, Suite 600                CARA XIDIS
Las Vegas, Nevada 89118                             Nevada Bar No. 11743
*Attorneys for Defendant State Farm*                710 South 9th Street
*Mutual Automobile Insurance Company*               Las Vegas, Nevada 89101
                                                    *Attorneys for Plaintiff*

## ORDER

**IT IS SO ORDERED**.

Dated this 13th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

148746494.1                                         5